Juanita **MANSFIELD** et al.,
Plaintiffs,

v.

Caspar W. **WEINBERGER,**
Defendant.

Civ. A. No. 75–365.

United States District Court,
District of Columbia.

July 30, 1975.

Dorothy T. Lang, Los Angeles, Cal., Arlene T. Shadoan, Washington, D. C., Philip L. Goar, Los Angeles, Cal., for plaintiffs.

Peter C. Schaumber, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

In this action plaintiffs complain that a six-month duration-of-separation Social Security eligibility requirement for individuals separated from their spouses violates the due process and equal protection guarantees of the Fifth Amendment to the Constitution.[1]

The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1361; the Administrative Procedure Act, 5 U.S.C. §§ 701–706; and 42 U.S.C. §§ 405(g), (h), 1383(c)(3).

The matter is now before the Court on the parties' cross-motions for summary judgment.[2]

The Court concludes that plaintiffs' claims for prospective relief are moot. Further, finding a rational justification for the challenged statute, we hold that plaintiffs' claims for retroactive benefits are without merit.

I

Supplemental Security Income (SSI) is a public assistance program for needy blind, aged and disabled persons administered by the Social Security Administration of the Department of Health, Education and Welfare. Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. The program is generally divided into two segments: (1) a federal payment and, in some instances, (2) a state supplement. 42 U.S.C. § 1382e.[3] For purposes of determining eligibility and the amount of the payment under SSI, "eligible individuals" who have "eligible spouses" (hereinafter "a couple") are treated differently than other "eligible individuals." Thus, a couple, each of whom is eligible for SSI benefits in his or her own right, receives a combined payment that is less than the sum of what each would receive if single and living alone. When a couple receiving SSI benefits separate, however, under the statutory classification of 42 U.S.C. § 1382c(b),[4] the statute at issue here, the couple continue to be treated as a couple for SSI benefits until they have lived apart for more than six months. As a practical matter, this means that each spouse will receive only half of a couple's payment rather than each receiving a full individual payment until six months after their separation. 20 C.F.R. § 416.1001(a), 39 Fed.Reg. 23258 (1974).

The exceptions to this "six-month rule" are the termination of the marriage by death, or by a divorce or annul-

1. A three-judge district court was previously convened under 28 U.S.C. §§ 2282, 2284 to hear and determine his case since plaintiffs sought an injunction restraining enforcement of 42 U.S.C. § 1382c(b) (1970). By separate Order entered July 29, 1975 that Court dissolved itself, determining that this case does not require a district court of three judges under 28 U.S.C. § 2282. See Weinberger v. Salfi, —— U.S. ——, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

Plaintiffs' motion for a temporary restraining order was denied by this Court on March 26, 1975.

2. Also before the Court is a timely motion by plaintiffs for class action certification. Fed.R.Civ.P. 23(c); Local Rule 1–13(b). The motion must be denied since

the complaint is deficient in. that it contains no allegations that (the class members) have even filed an application with the Secretary, much less that he has rendered any decision, final or otherwise, re-

view of which is sought. The class thus cannot satisfy the requirements for jurisdiction under 42 U.S.C. § 405(g). Weinberger v. Salfi, supra, —— U.S. at ——, 95 S.Ct. at 2466.

3. See California Legislative Council of Older Americans v. Weinberger, 375 F.Supp. 216, 219–22 (E.D.Cal.1974), for a full description of the SSI benefits program.

4. 42 U.S.C. § 1382c(b) provides:

For purposes of this subchapter, the term "eligible spouse" means an aged, blind, or disabled individual who is the husband or wife of another aged, blind, or disabled individual and who has not been living apart from such other aged, blind, or disabled individual for more than six months. If two aged, blind, or disabled individuals are husband and wife as described in the preceding sentence, only one of them may be an "eligible individual" within the meaning of section 1382(a) of this title.

ment decree, or when one spouse begins living with another party and they hold themselves out to the community as husband and wife. 20 C.F.R. § 416.1040, 39 Fed.Reg. 23260 (1974).

## II

In the present case, because of the statutory prohibition of the "six-month rule," the Social Security Administration denied to each of the named plaintiffs [5] a full individual's payment after that plaintiff separated from her husband.

Plaintiffs complain that the "six-month rule" is a conclusive presumption that does not allow either spouse to make a factual showing of the genuine termination of their marriage relationship prior to the elapsing of statutorily-imposed six months unless one of the exceptions exists. This results, according to them, in a denial of due process and equal protection of the law.

## III

As the Supreme Court has consistently held, the federal courts are limited by Article III of the Constitution to the resolution of actual cases or controversies. *See, e. g., Preiser v. Newkirk,* —— U.S. ——, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). There must be

"concrete legal issues, presented in actual cases, not abstractions." *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969). Similarly, "pleadings must be something more than an ingenious exercise in the conceivable." *United States v. SCRAP,* 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973). As the Supreme Court noted in *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974), "that federal courts are without power to decide questions that cannot affect the rights of the litigants . . . before them." (Citations omitted.)

Turning to the facts of the case at bar, the Court reaches the conclusion that plaintiffs' claims for prospective relief are moot, and that no case or controversy exists as to prospective benefits. Plaintiffs Juanita Mansfield and Elsie Mae Sisson are currently eligible to receive SSI benefits as individuals since each has been separated from her husband for over six months.[6] With regard to plaintiff Dorothy Doyle, it is uncontroverted that she has returned to her husband.[7] Viewed in this light, then, and since "(m)ootness is a jurisdictional question," *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), plaintiffs' claims for prospective relief must be dismissed.[8]

---

5. The claim of plaintiff Ola Mae Bridges is conceded to be moot for all purposes. Plaintiffs' Supplemental Memorandum of July 11, 1975, at 15 n. 5. As a result, there are three remaining named plaintiffs. The defendant raises no objection that the three remaining named plaintiffs have failed to exhaust their administrative remedies. In that instance defendant is deemed to have waived that jurisdictional defect, and that he considers for the purposes of this litigation that his action is "final" and thus appropriate for judicial review thereof under 42 U.S.C. § 405(g). *See Weinberger v. Salfi, supra,* —— U.S. at ——, 95 S.Ct. 2457. *See also* note 10 *infra.*

6. Plaintiff Mansfield was separated from her husband in September, 1974. Complaint, ¶ 10. Plaintiff Sisson was separated from her husband in January, 1975. Complaint, ¶ 18.

7. Plaintiff Doyle was separted from her husband on December 5, 1974. Complaint, ¶ 21. She informed the Social Security Administration that she returned to her husband on May 20, 1975. Affidavit of A. Robert Trazzi, Exhibit to Government's Supplemental Memorandum filed July 11, 1975.

8. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), relied upon by plaintiffs, is inapposite when viewed against the present procedural posture of this case. Nor does this case fall within that category of injury "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). *See also Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

## IV

Plaintiffs' claims for retroactive relief stand on firmer footing. Plaintiffs assert that they are still entitled to the higher SSI benefits that were withheld from them due to the "six-month rule." The outstanding sum of money is, of course, the difference between payment as an eligible individual and payment as an eligible spouse for the period during which the rule was applied to each of them. Plaintiffs contend, and the Court agrees, were they successful on the merits, *i. e.*, were this Court to declare the "six-month rule" unconstitutional, that they would then be entitled to an award of such a sum.[9] Thus, there is a continuing controversy between the parties over plaintiffs' entitlement to be paid the benefits withheld from them by the operation of the six-month rule, but for which each plaintiff would have received a full individual's payment of SSI benefits from the date of her separation. *See Powell v. McCormack*, 395 U.S. 486, 495–500, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Thus, since the case is not moot for all purposes, the Court now turns to an examination of the merits of plaintiffs' claims.

## V

■ Subsequent to the parties' cross-motions for summary judgment and oral argument thereon, the Supreme Court handed down its decision in *Weinberger v. Salfi, supra*. This Court then called for a further round of briefing by the parties to determine the effect, if any, of *Salfi* on this case. Upon receipt of those briefs, and after a careful consideration of the *Salfi* opinion, the Court concludes that *Salfi* is adversely dispositive of plaintiffs' claims on the merits.[10]

In *Salfi* the Court held that the nine-month duration-of-relationship requirements of 42 U.S.C. §§ 416(c)(5) and (e)(2) had a rational basis and were free from invidious discrimination and thus not unconstitutional. *Weinberger v. Salfi, supra*, 95 S.Ct. 2457. The duration-of-relationship requirements at issue in *Salfi* completely and permanently excluded from receiving Social Security benefits the surviving wives and stepchildren who had their respective relationship to the deceased wage earner for less than nine months prior to his death. The Supreme Court held that such requirements were not invalid conclusive presumptions, thereby distinguishing *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); and *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), the very cases relied upon by plaintiff in the case at bar.

As *Salfi* points out, since SSI is social welfare legislation, it is noncontractual in nature and thus "enjoys no constitutionally protected status." *Weinberger v. Salfi, supra*, —— U.S. ——, 95 S.Ct. at 2470. (citation omitted). The standard, then, by which such federal statute must be measured is whether "the goals sought by it are legitimate, and the classification adopted is rationally related to the achievement of those goals . . . ." *Id.* at 2468, *quoting Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). When the statute at issue meets that test, it is "perforce consistent with the due process requirement of the Fifth Amendment." *Id.*

The legislative history of the "six-month rule" indicates that Congress intended, in enacting 42 U.S.C. §

---

9. *See also* 42 U.S.C. § 1383(b) which requires that adjustment be made by payment of the proper sum to any individual paid less than the correct amount of benefits.

10. *Salfi* is also dispositive on the question of this Court's jurisdiction. As indicated there-
in, the only source of judicial review in this case is 42 U.S.C. §§ 405(g)–(h), which is made applicable herein by 42 U.S.C. § 1383 (c)(3). Accordingly, plaintiffs' other jurisdictional premises, 28 U.S.C. §§ 1331, 1361; and 5 U.S.C. §§ 701–706, are inapplicable.

1382c(b), to avoid encouraging couples to separate in order to receive the higher total benefits available to individuals. H.R.Rep. No. 231, 92d Cong., 1st Sess. 150 (1971). That report, in pertinent part, provides:

> In determining marital status, State law will apply, except that a couple has been determined married for purposes of receiving social security benefits or if they hold themselves out as married in the community in which they live, they will be considered married for purposes of the new program. In the absence of such a provision in the assistance program there would be a strong incentive for married couples to allege that they were not married (in order to get higher payments) and there would be a difficult, if not impossible, administrative burden of determining whether a marriage existed between two individuals alleging to be single (but who hold themselves out to be married). Also, to avoid encouraging couples to live separately in order to get the higher total benefit, your committee's bill provides that an eligible individual and spouse will receive a couple's benefit even though they live apart. *Id.*

Thus, it is clear that the statutory classification here, in seeking to avoid an incentive to separation to secure higher SSI benefits is strikingly similar to the congressional intent upheld in *Salfi* to prevent the use of "sham marriages" to secure Social Security benefits. *Weinberger v. Salfi, supra,* —— U.S. ——, 95 S.Ct. 2457. Indeed, the rule involved in *Salfi* and the legislative policy decisions which led to its adoption are hardly distinguishable from the duration-of-separation rule and its policy decisions as enunciated by Congress.[11]

Moreover, the statutory classification here meets the other criteria noted in *Salfi.* For instance, Congress recog-

nized the "administrative burden of determining whether a marriage existed between two individuals alleging to be single." H.R.Rep. No. 231, 92d Cong., 1st Sess. 150 (1971). Such concerns were held in *Salfi* to be legitimate legislative considerations. *Weinberger v. Salfi, supra,* —— U.S. ——, 95 S.Ct. 2457.

Also, the Supreme Court noted that the duration-of-marriage requirement was effective only within a somewhat narrow range of situations because, even though a surviving wife had not been married for a period of nine months or more immediately prior to her husband's death, she was still within the definition of "widow" and entitled to benefits if she met one of several disjunctive categories. *Id.* —— U.S. at ——, 95 S.Ct. 2457.

Similarly, the applicability of the duration-of-separation requirement in the case at bar is delimited by the HEW regulations which, as noted earlier, provide that the rule does not apply to separations caused by death, divorce or annulment, remarriage or a new relationship where the parties hold themselves out to the community as husband and wife. As in *Salfi, id.* at 4994, the Court thinks that these disjunctive requirements indicate that "Congress has treated them as alternative *indicia* of the fact that the (separation) was entered into for a reason other than the desire to shortly acquire (higher) benefits." If an applicant's separation does not fall within one of these objective criteria, then the "six-month rule" becomes applicable. In that regard, Congress could rationally impose such a requirement. Such a prophylactic approach was clearly sanctioned by *Salfi*:

> While it is possible to debate the wisdom of excluding legitimate claimants in order to discourage sham relationships, and of relying on a rule which may not exclude some obviously

---

11. Plaintiffs recognize, as they must, the similarity of congressional intent in this case and

in *Salfi.* Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, at 15.

sham arrangements, we think it clear that Congress could rationally choose to adopt such a course. —— U.S. at ——, 95 S.Ct. at 2475.

Also significant, in the Court's view, is that the *Salfi* nine-month duration-of-relationship rule is a much broader exclusion of benefits than the six-month duration-of-separation requirement at stake here. In *Salfi*, since the claimant had not been married to the deceased wage earner for more than nine months, she was forever precluded from qualifying for and receiving social security survivor's benefits. In the instant action, however, the plaintiffs are only precluded from receiving a full individual's payment for a period of six months, after which time they may receive, if otherwise eligible, the full SSI benefits.

### VI

Viewing this case in the light of *Salfi*, then, since the Court discerns a rational basis in the six-month duration-of-separation requirement of 42 U.S.C. § 1382c(b), and, further, that it is free from invidious discrimination, it is thus perforce constitutional.[12]

Accordingly, it is by the Court this 30th day of July, 1975,

Ordered, adjudged and decreed that plaintiff's motion for class action certification be, and the same is hereby, denied; and it is further

Ordered, adjudged and decreed that plaintiffs' claims for prospective relief be, and the same are hereby, dismissed as moot; and it is further

Ordered, adjudged and decreed that, in all other respects, defendant's motion for summary judgment be, and the same is hereby, granted; and it is further

Ordered, adjudged and decreed that judgment be, and the same is hereby, entered in favor of defendant in the above-entitled action.

---

12. In view of this disposition on the merits, the Court has no occasion to resolve defendant's contention that a retroactive award of

SSI benefits would be barred by the doctrine of sovereign immunity.