**ARISTOCRAT SOUTH, INC., et al., Plaintiffs,**

v.

**F. David MATHEWS, Defendant.**

Civ. A. No. 75–0472.

United States District Court, District of Columbia.

May 25, 1976.

Thomas C. Fox, George R. Clark, Joel M. Hamme, Washington, D.C., for plaintiffs; Samuel Laderman, Cleveland, Ohio, of counsel.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Ann S. DuRoss, Asst. U. S. Attys., Washington, D.C., for defendant; Frank L. Dell'Acqua, Chief of Litigation, Ross E. Campbell, Carol Tootle, Social Security Div., Department of Health, Ed. and Welfare, Washington, D.C., of counsel.

CHARLES R. RICHEY, District Judge.

This case arises under the fifth amendment to the Constitution of the United States and Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, popularly referred to as the "Medicare Act." It is presently before the Court on cross-motions for summary judgment and defendant's motion to dismiss for lack of subject matter jurisdiction.

There are basically two issues presented for decision. First, the defendant contends that this Court is without jurisdiction to hear the case. Second, on the merits, the Court is asked to decide whether the challenged regulatory changes in "provider" accounting methods effectuated by defendant, Secretary of HEW, in 1972, were enacted arbitrarily and capriciously and without observance of procedures required by the Administrative Procedure Act. The Court, with the assistance of thorough briefs prepared by the parties, has determined, for the below-stated reasons, that it does not have jurisdiction over the matter and accordingly must dismiss the action without reaching the merits of plaintiffs' complaint.

## I. BACKGROUND.

Plaintiffs each own and operate a skilled nursing facility which provides skilled nursing care to beneficiaries of the Medicare program and to others who are not covered by the program. Under the terms of the Medicare Act and the provider agreement, which each of the plaintiffs has with the Secretary of HEW, the plaintiffs are to be reimbursed by the Secretary for the "reasonable costs" of the covered services rendered by them to program beneficiaries. Each of the plaintiffs receives this reimbursement from a private organization acting as "fiscal intermediary" pursuant to contract with the Secretary, a common practice authorized by section 1816 of the Medicare Act, 42 U.S.C. § 1395h. These fiscal intermediaries make payments in ac-

cordance with established cost reporting procedures and regulations, but themselves have no vested interest in the expenditure of these funds.

Pursuant to the statutory obligation of the Secretary of HEW to reimburse skilled nursing facilities for the reasonable cost of the services they provide to Medicare patients, federal regulations were promulgated in 1966 which established two basic accounting methods to be used for apportioning costs for care and services between Medicare and other patients. 20 C.F.R. §§ 405.401–.454. These two methods, the "Combination Method" and the "Departmental Method," were available at the sole option of a Medicare provider for cost reporting periods starting before January 1, 1972, and each of the plaintiffs herein elected to use the departmental method. By federal regulation effective May 20, 1972, 20 C.F.R. §§ 405.404, 405.452, 405.453, the Secretary issued final regulations that eliminated the option to chose either accounting method and required all skilled nursing facilities to use the combination method for all cost reporting periods after December 31, 1971. Plaintiffs have all submitted cost reports using the combination method for periods after December 31, 1971. On April 2, 1975, they initiated the present action challenging the 1972 regulations, claiming that they have not been fully reimbursed under the combination method for all their reasonable costs incurred. Plaintiffs allege that this Court has jurisdiction under both the general federal question statute, 28 U.S.C. § 1331, and the Administrative Procedure Act, 5 U.S.C. §§ 701–06. At the core of the dispute between the plaintiffs and defendant is the question of whether a review procedure is established under the Medicare Act to resolve claims of the type herein presented. The defendant starts from the premise that 42 U.S.C. § 1395oo, which allows providers to request a hearing before the Provider Reimbursement Review Board (hereinafter, "PRRB") if dissatisfied with an intermediary's determination of reimbursement, provides an administrative review mechanism which must be exhausted by plaintiffs prior to obtaining judicial

review. Defendant further claims that the exclusivity of this review provision is established in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Plaintiffs, on the other hand, claim that there is no appropriate review procedure since the PRRB cannot afford the relief sought and that, therefore, this Court has jurisdiction pursuant to the federal question and APA statutes.

## II. 42 U.S.C. § 1395oo PERMITS AN AGENCY DETERMINATION OF PLAINTIFFS' CLAIMS.

The threshold question before the Court is whether the Medicare Act provides an administrative process which could consider the plaintiffs' claims that the challenged regulations are (1) unconstitutional and (2) arbitrary and capricious in violation of the Medicare Act. This Court, having examined carefully the provisions of the Act, has determined that 42 U.S.C. § 1395oo provides such an administrative process, available to plaintiffs and ultimately leading to judicial review. This provision provides in pertinent part:

"(a) Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such costs report by a Provider Reimbursement Review Board . . ., if—

(1) such provider—

(A) is dissatisfied with a final determination of the organization serving as its fiscal intermediary pursuant to section 1395h of this title as to the amount of total program reimbursement due the provider for the items and services furnished to individuals . . . . .

(f)(1) A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary . . . .."

This provision appears applicable to the claims of the plaintiffs since plaintiffs are dissatisfied with the amount of the reimbursements. Plaintiffs maintain, however, that the provision does not apply to them because they do not contest the determinations by the fiscal intermediary of the amounts of the reimbursements. Rather, they object to the regulations relating to the determination of the reimbursement, which regulations they claim are both unconstitutional and arbitrary and capricious and work to deprive them of full reimbursement for reasonable costs. Thus, while plaintiffs ultimately object to the amounts of the reimbursements, they do so only because they object to the regulations that led to the determinations of the amounts of the reimbursements. They emphasize that they do not claim that the fiscal intermediary did not follow the regulations or that it erred in its calculations. Having thus identified their objection, plaintiffs assert that the § 1395oo process does not permit the PRRB to consider their attack on the regulations. They argue that since the PRRB is itself bound by the statute and challenged regulations and since plaintiffs seek to challenge not specific cost reports but the validity of the regulation itself, the PRRB is without jurisdiction under § 1395oo since it cannot afford the relief sought.

Plaintiffs' contentions are an obvious effort to circumvent *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), which held that resort to the statutorily-provided administrative review procedure is required in situations such as plaintiffs'. This Court, however, finds plaintiffs' effort unsuccessful.

First, assuming *arguendo* that plaintiffs are correct that the § 1395oo process could not consider their claims, plaintiffs ignore the fact that in *Salfi* and cases subsequent thereto the administrative process was equally incapable of giving the plaintiffs the relief sought. Nonetheless, the Supreme Court in *Salfi* held that resort to the administrative review procedure was required whether "necessitated by discretionary decisions of the Secretary or by his nondiscretionary application of allegedly unconstitutional statutory restrictions." 422 U.S. at 762, 95 S.Ct. at 2465. Similarly, the Court in *Milo Community Hospital v. Weinberger*, 525 F.2d 144, 147 (1st Cir. 1975), held that the administrative process was "not made inapplicable by reason of a constitutional challenge, beyond the power of the Secretary to take remedial action."

Second, in addition to misreading *Salfi*, plaintiffs read the § 1395oo process too narrowly. Plaintiffs take the view that the Secretary has limited the process so as to preclude the PRRB from considering plaintiffs' claims that the regulations are both unconstitutional and arbitrary and capricious. In this regard, plaintiffs cite portions of defendant's Part A, Intermediary Manual, Health Insurance Manual–13. See plaintiffs' memorandum in opposition to defendant's motion to dismiss or for summary judgment, at 7–8, filed February 4, 1976. The sections cited by the plaintiffs put matters dealing with disputes as to the constitutionality of the law, regulations, or social security act instructions or rulings beyond the jurisdiction of the PRRB. Even if this Manual has the force and effect of law and is binding on the PRRB, as plaintiffs submit and defendant denies, it does not resolve the issue at hand.

Assuming *arguendo* that the Secretary has prohibited the PRRB from considering plaintiffs' constitutional challenges, this Court does not find that the Secretary has likewise prohibited the PRRB from deciding plaintiffs' claims on the alternate ground that the regulations are arbitrary and capricious in violation of the Medicare Act. Further, an examination of the provisions of 42 U.S.C. § 1395oo reveals that the Secretary could consider plaintiffs' constitutional claims even if the PRRB could not. Subsection (f) of the provision, 42 U.S.C. § 1395 oo(f), allows for review by the Secretary of decisions of the PRRB, and plaintiffs have advanced no claim that the Secretary has limited in any way his scope of review over the PRRB. Thus, resort to the administrative process is even more compelling in this instance, for, unlike *Salfi* and *Milo Commu-*

*nity Hospital, supra,* the relief sought is clearly within the competence of the Secretary who, in his discretion, originally implemented the challenged regulations.

Even if initial application to the PRRB by plaintiffs of its claims seems formalistic and futile, as plaintiffs argue, it is a statutory prerequisite to judicial review which must be followed. A determination of futility can only be made by the Secretary, once a claim has been presented, and not by the Court. *Weinberger v. Salfi,* 422 U.S. at 766–67, 95 S.Ct. 2457. Further, as shown above, this Court is not convinced that the futility of resort to the PRRB is a foregone conclusion, as plaintiffs contend. This Court thus finds that, contrary to plaintiffs' assertions, 42 U.S.C. § 1395oo provides an administrative review process, available to plaintiffs and applicable to their claims, which must be resorted to as a prerequisite to obtaining judicial review.

III. SUBMISSION TO THE 42 U.S.C. § 1395oo ADMINISTRATIVE REVIEW PROCEDURE IS A JURISDICTIONAL PREREQUISITE TO JUDICIAL REVIEW; AND 42 U.S.C. § 405(h) MAKES THIS THE EXCLUSIVE AVENUE TO JUDICIAL REVIEW OF THIS CASE.

As previously noted, plaintiffs have sought to invoke federal jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act) in their efforts to bypass the administrative review procedure and obtain direct judicial review of their claims. Plaintiffs have not attempted to invoke jurisdiction under 42 U.S.C. §§ 405(h) or 1395 oo; nor does it appear they could succeed in such attempts since they have not met the jurisdictional prerequisites—which include administrative exhaustion—to judicial review contained in these provisions.[1] This Court finds it does not have jurisdiction under either of the alleged bases because the Supreme Court's decision in *Weinberger*

*v. Salfi, supra,* makes it clear that the exclusive jurisdictional basis for the present case is 42 U.S.C. § 1395oo and, as noted above, plaintiffs' complaint is insufficient to invoke jurisdiction under this statute.

The conclusion that there is no jurisdiction under 28 U.S.C. § 1331 is compelled not merely because of the exclusivity of the statutorily-established administrative review process, *infra,* but also because the Medicare Act itself expressly precludes jurisdiction under 28 U.S.C. § 1331. Section 405(h) of Title 42 U.S.C., which is incorporated in the Medicare Act by 42 U.S.C. § 1395ii "to the same extent as [it is] applicable with respect to [Title II]," mandates that the Secretary's decisions shall be reviewed only as provided in the Act—which provision is here made in § 1395oo—and, in the third sentence, provides:

"No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§§ 1331 *et seq.*] of Title 28 to recover on any claim arising under this subchapter."

The Supreme Court in *Weinberger v. Salfi, supra,* in an action arising under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* conclusively determined the question of jurisdiction under 28 U.S.C. § 1331. The Court, in finding that the third sentence of § 405(h) precluded resort to federal question jurisdiction for the adjudication of the appellee's constitutional contentions, stated:

"that the third sentence of § 405(h) is more than a codified requirement of administrative exhaustion is plain from its own language, which is sweeping and direct and which states that *no* action shall be brought under § 1331, not merely that only those actions shall be brought in which administrative remedies have been exhausted. . . ." 422 U.S. at 757, 95 S.Ct. at 2463.

Accordingly, this Court finds that there is no basis for jurisdiction in this Court under 28 U.S.C. § 1331.

---

1. Although plaintiffs allege in their complaint that they have exhausted all presently available administrative remedies, they nowhere specify what procedures they thought applicable nor what this exhaustion entailed. Plaintiffs probably meant to imply by their statement that there were no presently available administrative remedies. This Court has found otherwise.

The final question to be resolved is whether jurisdiction is proper under 5 U.S.C. §§ 701 *et seq.* Plaintiffs' argument for invoking APA jurisdiction is premised on their conclusion that there is no administrative process applicable to their claims established in the Medicare Act, and that in such instances the APA provides an independent basis for federal jurisdiction. Though plaintiffs are correct in their assertion that the APA can provide jurisdiction where no alternative agency procedure is established, their argument that there is no agency review procedure in this case has already been negated in Part II of this opinion. Once it is found that the Medicare Act provides adequate procedures for judicial review, it follows that the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, cannot be used to bypass that statutory scheme. To hold otherwise would be contrary to the great weight of authority. *Whitney Nat. Bank v. Bank of New Orleans & Tr. Co.*, 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); *U. S. v. Southern Ry. Co.*, 380 F.2d 49 (4th Cir. 1967); *Pinkney v. Ohio Environmental Protection Agency*, 375 F.Supp. 305 (N.D.Ohio 1974). The Administrative Procedure Act itself explicitly states:

> "The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter . . . or, in the absence or inadequacy thereof, any applicable form of legal action . . . ." 5 U.S.C. § 703.

Having determined that the Medicare Act adequately provides for judicial review of plaintiffs' claims, it becomes obvious that even under a grant of independent APA jurisdiction, plaintiffs would still be required to exhaust their administrative remedies provided in the Medicare Act prior to obtaining judicial review. As shown above, plaintiffs have not alleged, nor can it be found, that they have initiated—let alone exhausted—the available administrative remedies. Accordingly, the Court finds that there is no basis for jurisdiction under 5 U.S.C. §§ 701 *et seq.*

## IV. CONCLUSION

For all of the above-stated reasons, the Court must dismiss this action for lack of subject matter jurisdiction. The Court notes that plaintiffs may now be barred from challenging some of the earlier cost reports because of the time limitations provided in 42 U.S.C. § 1395oo(a)(3). However, since plaintiffs attack all cost reports on the same grounds and since they have not prayed for any retroactive reimbursement, a successful challenge to the reimbursement on the most recent cost report would provide plaintiffs all of the relief sought in this Court. Further, this dismissal does not totally preclude plaintiffs from obtaining judicial review of their claims, but only postpones judicial review until such time as they exhaust the available administrative remedies. The Court notes that the Secretary has evidenced some willingness to consider changes in the challenged regulation. It is hoped that the Secretary will act expeditiously to consider plaintiffs' claims.