MEDICAL CENTER OF INDEPENDENCE, Plaintiff,

v.

Joseph A. CALIFANO, Jr., et al., Defendants.

No. 76CV525-W-4.

United States District Court, W. D. Missouri, W. D.

July 13, 1977.

As Amended July 28, 1977.

F. Philip Kirwan, Gordon R. Gaebler, Margolin & Kirwan, Kansas City, Mo., J. D. Epstein, Wood, Lucksinger & Epstein, Houston, Tex., for plaintiff.

Robert B. Schneider, Asst. U.S. Atty., Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER DISMISSING WITHOUT PREJUDICE CLAIMS FOR COST REPORTING YEARS 1970, 1971, AND 1972

ELMO B. HUNTER, District Judge.

In this action, commenced August 20, 1976, plaintiff seeks reimbursement for certain expenses claimed to be due under the Medicare program for the Medicare cost reporting periods ending December 31, 1970, 1971, 1972, and 1973. The complaint alleges jurisdiction in this Court under 42 U.S.C. § 1395oo (f), 5 U.S.C. § 702, 28 U.S.C. § 1331, and 28 U.S.C. § 1361. Defendants do not contest jurisdiction over plaintiff's claim concerning the 1973 cost reporting year, but assert that jurisdiction is lacking over the claims which involve cost reporting periods ending on December 31, 1970, 1971 and 1972.

### Background

In 1965, Congress enacted Title XVIII of the Social Security Act, known as the Medicare program, 42 U.S.C. § 1395 *et seq.*, to provide federal reimbursement for medical care to the aged. Part A of the program, which is involved in this action, provides "hospital insurance" benefits by establishing a reimbursement scheme for funding a beneficiary's covered health care costs. Coverage extends to services rendered by "providers" such as hospitals, skilled nursing facilities, and home health agencies. Beneficiaries entitled to such coverage, which is funded out of social security taxes, are required to pay only an annual deductible charge and a coinsurance amount. Part A insurance benefits are paid by the Government through a fiscal intermediary directly to the provider of services rather than to the beneficiary.

A provider may participate in the Medicare program by filing an agreement with the Secretary of Health, Education and Welfare. 42 U.S.C. § 1395cc. Reimbursement to providers for services rendered to Medicare beneficiaries is carried out by the Secretary or, more often, by certain private organizations acting as fiscal intermediaries pursuant to agreement with the Secretary. 42 U.S.C. § 1395h. The fiscal intermediary between the Medical Center of Independence and the Secretary is the Blue Cross Association, through its local plan, Blue Cross of Kansas City.

In payment of funds to the provider, the fiscal intermediary acts as a conduit of trust funds and has no vested interest in the expenditure of the funds. This payment function necessarily involves ascertaining that the amount of payment is correct and accurately reflects the reasonable costs of services rendered to program beneficiaries. Since lump sum payments are made at least monthly, on the basis of estimates, subsequent adjustments for overpayments or underpayments are required. 42 U.S.C. § 1395g and § 1395x(v)(1)(A)(ii); 20 C.F.R. § 405.402(b)(1) & (2) and 405.454. The final determination as to reimbursable costs is made after the close of the provider's fiscal year, based upon the cost report filed by the provider. 20 C.F.R. § 405.-405(b).

The specific background of the present case is as follows. In 1970, Hospital Affiliates of Independence (HAI) purchased the assets of the plaintiff hospital from the prior owner, Americare Corporation, which had itself purchased the facility in 1967 pursuant to a Court-approved reorganization plan under Chapter X of the Bankruptcy Act. As owner of the facility, HAI then entered into a 15-year lease with the Medical Center of Independence (MCI) to be effective August 1, 1970, and a management agreement to run concurrently with the lease. HAI further agreed to make necessary working capital loans to the provider up to $200,000.

The original bylaws of the provider established that there should be 11 directors; the original directors were appointed by the Court which had approved the Chapter X reorganization in 1967. In August 1970, however, after the sale of the facility to HAI and the execution of the lease and management agreement between HAI and MCI, the bylaws were amended to increase the number of directors to 14, to allow non-local directors to vote by proxy, and to increase the number of officers' positions. In October 1970, six HAI employees were elected as directors of the provider; two of

these were elected officers of the provider as well.

When the intermediary, Blue Cross of Kansas City, audited the provider's cost reports pursuant to the statutory scheme, it determined that the provider and HAI were related through common control and thus that the regulatory provisions requiring reduction of certain costs claimed by the provider which were acquired from a related organization, were applicable. Accordingly, disallowances were made for interest expenses, management fees, and rental payments claimed by MCI, thereby reducing plaintiff's Medicare reimbursement by approximately $600,000.00. See 20 C.F.R. § 405.427.

Plaintiff filed appeals for all fiscal years involved in this action, 1970 through 1973. The appeal for 1973 was made to the Provider Reimbursement Review Board (PRRB), an independent administrative tribunal which has jurisdiction only over cost reporting periods ending June 30, 1973, or after. See 42 U.S.C. § 1395oo. Although the PRRB rendered its decision in plaintiff's favor, the Commissioner of Social Security, allegedly on the recommendation of the Bureau of Health Insurance and pursuant to authority delegated by the Secretary of Health, Education and Welfare, reversed the PRRB decision.

The determination concerning cost reporting years 1970, 1971, and 1972, made by Blue Cross of Kansas City, was appealed to the Blue Cross Association. When plaintiff filed this action, that appeal had neither been heard nor decided, and to date, it has not been prosecuted to a determination. Plaintiff's suggestions in opposition to defendant's Motion to Dismiss state that plaintiff "has not vigorously pursued the administrative appeal pending before BCA for fiscal years 1970 through 1972 because Plaintiff does not believe that there is any reasonable possibility of obtaining a favorable decision for those years." (Plaintiff states that all BCA decisions are reviewed by BHI, the same entity which recom-

mended reversal of the PRRB decision, and a BCA decision may be reversed at the direction of the Social Security Administration, the Commissioner of which overruled the PRRB decision in this case.)

Defendant does not dispute this Court's jurisdiction over plaintiff's claim covering the cost reporting year 1973. As for the three preceding years, however, defendant contends that the Court lacks jurisdiction due to plaintiff's failure to exhaust administrative remedies with respect to those claims, and further asserts that on the basis of 42 U.S.C. § 405(h) and case authority interpreting those provisions, jurisdiction is lacking to review on the merits the disallowances for fiscal years prior to 1973. Thus, as plaintiff's brief properly has pointed out, the issues presented to this Court by defendant's Motion to Dismiss are:

(1) Does 42 U.S.C. § 405(h) preclude the Court from reviewing on the merits the disallowances of cost for fiscal years 1970 through 1972?

(2) Is it necessary for plaintiff to exhaust administrative remedies as a precondition to this Court's jurisdiction to review the merits of plaintiff's claims?

*Exhaustion of Administrative Remedies*

First, defendants contend that the Court should dismiss plaintiff's claims for the years 1970, 1971, and 1972, for the reason that plaintiff has failed to exhaust its administrative remedies for those years. Plaintiff responds that the Court should entertain jurisdiction and not require exhaustion of remedies because those administrative remedies are inadequate and it would be futile for plaintiff to pursue them.

■ As defendants point out, it is a basic legal precept that available administrative remedies must be exhausted prior to seeking relief in a court of law. *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Allen v. Grand Central Aircraft Co.*, 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954); *Myers v. Bethlehem*

*Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *Aircraft and Diesel Corp. v. Hirsch*, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947). The exhaustion requirement affords the agency an opportunity to assemble a record, to correct any error, and "ascertain . . . that the particular claims involved are neither invalid for other reasons nor allowable under other provisions of the Social Security Act." *Weinberger v. Salfi*, 422 U.S. 749, 762, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975). See *Gallo v. Mathews*, 534 F.2d 1137 (5th Cir. 1976); *Aristocrat South, Inc. v. Mathews*, 420 F.Supp. 23 (D.D.C.1976).

Plaintiff argues, however, that in reality a final agency decision has been made that plaintiff and HAI are subject to the related party principle for the cost reporting year 1973, and that in effect, because the facts and evidence for the periods 1970–1972 are the same, a decision has been made with respect to those three preceding years. According to plaintiff, "[f]urther prosecution before BCA of the appeal for the cost period ending 1970–1972 would be a needless waste of time and expense when the outcome is entirely predictable."

■ Persuasive though plaintiff's argument may be, the Court does not find it convincing. This Court may not "entertain jurisdiction" where jurisdiction is lacking, and the Court cannot agree that "it is clear beyond doubt that the relevant administrative agency will not grant the relief in question." *American Federation of Government Employees v. Acree*, 155 U.S. App.D.C. 20, 475 F.2d 1289 (1973); see also *McKart v. United States, supra.* On the contrary, it appears to the Court that where, as here, the issues involved "are subject to extensive and complicated statutory guidelines and regulations," *St. Louis University v. Blue Cross*, 537 F.2d 283, 289 (8th Cir. 1976); see, e. g., 42 U.S.C. §§ 1395ff, 1395p, 1395u; 20 C.F.R. § 405 *et seq.*, and where one appeal—to the PRRB— has been at least preliminarily determined in favor of plaintiff, and particularly where

a bifurcated appeal approach presents an opportunity to present similar arguments in different manners and to different decision-makers, plaintiff may not deprive the Secretary of his final determination with respect to the cost reporting years 1970 through 1972. Until that final determination has been made, plaintiff has failed to exhaust its adequate and available administrative remedies and may not seek relief from this Court on those claims.

### Lack of Subject Matter Jurisdiction

Even had plaintiff properly exhausted all available administrative remedies with respect to its claims involving the years 1970 through 1972, however, this Court is compelled to conclude that it lacks jurisdiction to review on the merits claims arising from fiscal years prior to 1973. *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *St. Louis University v. Blue Cross*, 537 F.2d 283, 289 (8th Cir. 1976).

▌ In *Weinberger v. Salfi, supra,* the United States Supreme Court held that the Social Security Act provides in itself the exclusive means by which an aggrieved party may seek judicial review of its claim. Section 205(h) of the Act, 42 U.S.C. § 405(h), provides:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 *et seq.*] section 41 of Title 28 to recover on any claim arising under this subchapter. [citation to § 1331 supplied by the United States Supreme Court in *Weinberger v. Salfi, supra.*]

In discussing the significance of 42 U.S.C. § 405(h), the Supreme Court stated that "On its face, this provision bars district court federal question jurisdiction over suits, such as this one, which seek to recover Social Security benefits," and explained:

That the third sentence of § 405(h) is more than a codified requirement of administrative exhaustion is plain from its own language which states that *no* action shall be brought under § 1331, not merely that only those actions shall be brought in which administrative remedies have been exhausted. 422 U.S. at 756, 95 S.Ct. at 2463. [emphasis in original]

Although the claim in *Salfi* arose under Title II of the Social Security Act—and involved a challenge to limitations placed on benefit payments to widows and children of deceased individuals covered under the Act—the result reached in *Salfi* clearly applies to the Medicare provisions found in Title XVIII of the Act. Section 1872 of the Act, 42 U.S.C. § 1395ii, provides that the provisions of subsection (h) of section 205 "shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II." Therefore, because § 205(h), 42 U.S.C. § 405(h), clearly provides that "no action" shall be brought under 28 U.S.C. § 1331 *et seq.*, plaintiff's claim of jurisdiction under that section in this action is without merit. See *St. Louis University v. Blue Cross Hospital Service*, 537 F.2d 283 (8th Cir. 1976), cert. denied, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (Nov. 29, 1976).

▌ Similarly without merit is plaintiff's allegation of jurisdiction under 28 U.S.C. § 1361. See *Morris v. Weinberger*, 401 F.Supp. 1071 (D.Md.1975); *Mansfield v. Weinberger*, 398 F.Supp. 965 (D.D.C.1975).[1] The preclusion set forth in § 205(h) of the Social Security Act applies equally to actions brought under 28 U.S.C. § 1361. See

1. Section 205(h) of the Social Security Act, on which the *Salfi* decision is based, refers to actions brought under "Section 41 of Title 28." As the Supreme Court noted in *Salfi*, at the time Section 205(h) was enacted, section 41 of Title 28 contained all of that title's grants of jurisdiction to United States District Courts with the exception of special-purpose jurisdiction grants.

the reasoning set forth in *Weinberger v. Salfi, supra.*

Plaintiff also claims jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. § 702. Even accepting plaintiff's argument, however—which the Eighth Circuit Court of Appeals expressly rejected in *Twin Cities Chippewa Tribal C. v. Minnesota Chippewa Tribe,* 370 F.2d 529, 532 (8th Cir. 1967)—jurisdiction would appear still to be precluded by the holding of *Weinberger v. Salfi, supra,* as well as the terms of the APA itself. The *Salfi* decision indicates that 42 U.S.C. § 405(h) "prevent[s] review of decisions of the Secretary save as provided in the Act," 422 U.S. at 757, 95 S.Ct. at 2463, and recognizes that that section's provision that no action shall be brought against the Secretary under section 41 of Title 28 was the result of Congress' intention to preclude the totality of federal jurisdictional statutes, as discussed above. In addition, Section 10 of the APA, 5 U.S.C. § 701 *et seq.* states that "This chapter applies, according to the provisions thereof, except to the extent that . . . statutes preclude judicial review." Because judicial review of this sort *is* precluded by 42 U.S.C. § 405(h), the Administrative Procedure Act clearly provides no jurisdiction over this action. Finally, the Eighth Circuit Court of Appeals found in *St. Louis University v. Blue Cross, supra,* that because the APA itself precludes jurisdiction if agency action is "committed to the discretion of the [agency]," and because "Congress intended to commit the determination of the proper amount of reimbursement wholly to administrative discretion," jurisdiction is lacking under the APA to review the agency's determination as to the proper amount of reimbursement under the Social Security Act. See also *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Accordingly, the only sufficient basis of jurisdiction in this action is 42 U.S.C. § 1395-*oo* (f). Because that section applies only to plaintiff's claim covering 1973, however,

this Court lacks jurisdiction to entertain plaintiff's claims for the cost reporting years 1970, 1971, and 1972.

For all the foregoing reasons, therefore, it is hereby

ORDERED that plaintiff's claims with respect to cost reporting years 1970, 1971, and 1972 be, and they are hereby, dismissed without prejudice.