**Kriss MANGUM, on behalf of herself and all others similarly situated, Appellants,**

v.

**Anthony MITCHELL, Director of the Utah Department of Social Services, Appellee.**

No. 79–1738.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1980.

Annina Mitchell, Salt Lake City, Utah (Utah Legal Services, Inc., and Lucy Billings, Salt Lake City, Utah, with her on brief), for appellants.

Robert B. Hansen, Atty. Gen., State of Utah, Salt Lake City, Utah (Paul M. Tinker, Asst. Atty. Gen., Salt Lake City, Utah, with him on brief), for appellee.

Before SETH, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this civil rights case brought under 42 U.S.C. § 1983 the claim is that the plaintiff-appellant, and others similarly situated, were unconstitutionally denied welfare assistance. Section 1343(a)(3) and (4), 28 U.S.C., confers jurisdiction. The district court granted summary judgment for the defendant-appellee. We affirm.

The certification of the class under Rule 23(b)(2), F.R.Civ.P. is not attacked on this appeal. The defendant-appellee is sued in his capacity as Director of the Utah Department of Social Services, UDSS. Pursuant to Utah Code Ann. § 55–15a–18(1), UDSS developed a "standard minimum budget" for use in determining when a person is "in need" for purposes of state-administered general welfare assistance (GA). At the time of the decision below, the Administrative Manual said that a single person is "in

need" when his or her available income is below a standard budget amount of $229 per month. The Utah legislature did not appropriate enough money to cover the standard minimum budget. Pursuant to Utah Code Ann. § 55–15a–18(2), UDSS made a ratable deduction which reduced the standard grant to $176 a month.

Before 1974 Utah provided GA to the aged, blind, and disabled, and to dependent children or their parents. On January 1, 1974, the federal government assumed the administration and funding of aid for the aged, blind, and disabled under Title XVI of the Social Security Act, 42 U.S.C. § 1382. The program provided for federal Supplemental Security Income (SSI) payments.

In 1975 Utah amended its statute to provide that "general assistance" would be given "to persons in need that are not receiving direct money grants as aid to families with dependent children, or *supplemental security income.*" (Emphasis supplied.) See § 55–15a–17(2).

For persons receiving SSI Utah provides by the Administrative Manual GA of $10 per month. Under SSI an eligible wife and husband living together receive a combined grant that is smaller than the sum of the grants which they would receive if not married. 42 U.S.C. § 1382(a). When spouses separate they are treated as a couple for SSI purposes until they have been separated for six months. Section 1382c(b). During that period each spouse receives half of the grant to the couple before separation. 20 C.F.R. §§ 416.1001(a) and 416.1040(c).

On November 17, 1978, the named plaintiff and her husband separated. Before separation they received monthly a combined SSI grant of $104.80, GA of $10 each, and about $200 in Social Security benefits to the husband. On separation and for six months thereafter, the named plaintiff received monthly $52.40 of SSI and $10 of GA. The six month waiting period expired on May 17, 1979. So far as the record shows, she thereafter received a SSI grant of $176. Her claims for prospective relief are moot but her claim for retroactive GA payments is viable.

Plaintiff contends that she is entitled to the difference between the then current standard budget amount of $176 and her $10 monthly grant. She says that the Director's refusal to pay her more than $10 GA per month, during the six-month period, violates the Director's duty to provide assistance to any Utah person in need.

In 1975 after the amendment of Title XVI of the Social Security Act, Utah amended § 55–15a–17 covering qualifications. In its subsection (1)(b)(2) the statute disqualifies persons in need who are receiving SSI. Section 55–15a–1 declares:

"It is the purpose of this act to provide assistance to any person in Utah in need. A person is in need and entitled to assistance if sufficient resources are not available for his use within the limitations set forth herein and *who otherwise qualifies.*" (Emphasis supplied.)

Plaintiff emphasizes the first sentence in the above quote and ignores the second sentence. The Utah act imposes various restrictions on eligibility, including denial of assistance to those receiving SSI grants. Section 55–15a–17(1)(b)(2). The argument is that those limitations do not apply when they conflict with the general purpose of the statute.

■ A person is entitled to GA only if he or she qualifies. The Utah 1975 amendment says that a person is in need when he receives no SSI assistance. In so doing the Utah legislature recognized the 1973 congressional change in the Social Security Act which placed under federal responsibility the administration and funding of programs to aid the aged, blind, and disabled. The Director's action in denying GA assistance to SSI recipients is consonant with the legislative intent. Absent compelling reasons to the contrary, the Director's construction of the statute must be followed. *New York Dept. of Social Services v. Dublino,* 413 U.S. 405, 421, 93 S.Ct. 2507, 2516, 37 L.Ed.2d 688. His construction of the applicable statutory provisions is correct. *Medora v. Colautti,* 3 Cir., 602 F.2d 1149, is not in point. That decision invalidated regulations which frus-

trated the purposes of the Pennsylvania general assistance statute.

The denial of state welfare assistance to the representative plaintiff is said to violate both the constitutionally protected rights to equal protection and to due process. The equal protection claim has two prongs: (1) the validity of the six-month rule found in 42 U.S.C. § 1382c(b), and (2) the state denial of GA to recipients of SSI. The first relates to a federal statute and the second to state law.

■ The six-month rule was enacted "to avoid encouraging couples to separate in order to receive the higher total benefits available to individuals." *Mansfield v. Weinberger*, D.C., 398 F.Supp. 965, 969. The six-month rule is strikingly similar to the nine-month duration-of-relationship requirements of 42 U.S.C. § 416(c)(5) and (e)(2) which were upheld as constitutional in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522. The statutory classification is rationally related to the achievement of the congressional purpose and not subject to constitutional attack.

With regard to the second point, the state denies GA not only to SSI recipients but also to AFDC recipients and to any other needy person who fails to qualify. The question is not the source of income but the eligibility of the person who seeks GA. With recognition that the federal government had assumed the administration and funding of aid for the aged, blind and disabled the state sought to prevent double payment by amending its law to provide that SSI recipients do not qualify for GA. This action relieved the state of the responsibility which it had previously undertaken and conserved state funds.

■ The equal protection and due process arguments are intertwined. When considering social welfare programs, the determining factor is whether "the statute manifests a patently arbitrary classification, utterly lacking in rational justification." *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435, see also *Weinberger v. Salfi*, 422 U.S. 749, 768,

95 S.Ct. 2457, 2468, 45 L.Ed.2d 522, and *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491. The denial of GA to SSI recipients serves a legitimate purpose, the coordination of the federal and state welfare programs, is rationally related to the state's objective, and is free from any invidious discrimination. See *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 315, 96 S.Ct. 2562, 2568, 49 L.Ed.2d 520.

The argument is made that the denial of GA to SSI recipients creates an irrebuttable presumption, contrary to the fact, that the plaintiff is not in need. *Weinberger v. Salfi*, supra, 422 U.S. 749, 768–772, 95 S.Ct. 2457, 2468–2470, 45 L.Ed.2d 522, is conclusive on the point. The lower court held invalid the nine-month relationship requirement because it created an irrebuttable presumption that was not necessarily or universally true. The Supreme Court reversed, saying that the benefits "are available upon compliance with an objective criterion, one which the Legislature considered to bear a sufficiently close nexus with underlying policy objectives to be used as the test for eligibility." Id. 422 U.S. at 772, 95 S.Ct. at 2470. We reject the equal protection and due process claims.

Plaintiff's final argument is that a regulation adopted by the state agency, UDSS, violates the state statute, § 55–15a–17. The regulation, found at p. 270 of the Administrative Manual, requires any GA applicant who appears to meet the requirements of SSI to apply for SSI benefits as a condition of GA eligibility. The applicant may be awarded GA pending the SSI determination. If the applicant is found eligible, the state is reimbursed for the GA advanced. If found ineligible, the applicant continues to receive GA without restriction.

■ The Utah act denies GA benefits to SSI recipients. The UDSS is given wide discretion, including the authority to adopt rules and regulations. See § 55–15a–3 and 5. The regulation requires that application be made for SSI benefits and thereby prevents applicants from circumventing the act by refusing to accept federal aid in order to

obtain a larger state grant. The regulation is a proper exercise of the powers conferred on UDSS. A contrary conclusion would shift the burden of providing for persons entitled to SSI benefits from the federal to the state government when eligible persons refuse to accept or apply for federal aid.

Affirmed.