**John P. GALLO, M.D., Plaintiff-Appellee,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, and Blue Shield of Fla., Inc., Defendants-Appellants.**

**No. 75–1105.**

United States Court of Appeals, Fifth Circuit.

July 9, 1976.

Opinion Withdrawn, See 538 F.2d 1148.

Robert W. Rust, U.S. Atty., Robert C. Byrne, Asst. U.S. Atty., Miami, Fla., Robert E. Kopp, David M. Cohen, Dept. of Justice, Civil Division, Appellate Sect., Washington, D.C., J. W. Herbert, Resident Agent, Blue Shield of Fla., Inc., Jacksonville, Fla., for defendants-appellants.

Leo Greenfield, North Miami, Fla., for plaintiff-appellee.

Before DYER, SIMPSON and RONEY, Circuit Judges.

DYER, Circuit Judge:

The Secretary of Health, Education and Welfare appeals the judgment of the district court enjoining him from recouping funds allegedly overpaid to Dr. Gallo under Part B of the Medicare Program. The Secretary argues that the district court lacked jurisdiction, either under 28 U.S.C.A. § 1331 or the Administrative Procedure Act, 5 U.S.C.A. § 701 *et seq.,* and further asserts that, in any event, *Szekely v. Florida Medical Association,* 5 Cir. 1975, 517 F.2d 345, *cert. denied,* 1976, —— U.S. ——, 96 S.Ct. 1742, 48 L.Ed.2d 205, 44 L.W. 3624, is indistinguishable and establishes the government's right to recoup funds overpaid to a physician under the medicare program. We hold that the APA, but not § 1331, affords a basis for jurisdiction. However, we reverse with directions to dismiss because there is no final agency action as required by that Act.

On February 18, 1974, Dr. Gallo was notified by Blue Shield of Florida, the Secretary's intermediary under 42 U.S.C.A. § 1395u, that he had been overpaid $77,-720.69 in Medicare payments for the years 1966–1971. It requested immediate pay-

ment of these funds. Blue Shield also informed Dr. Gallo that funds then due him were being held pending word from him as to how he wished to repay the money. Rather than discuss the method of repayment, Dr. Gallo sued the Secretary, seeking to compel him to pay the amount then due, to enjoin the withholding of current and future amounts, and to enjoin him from compelling reimbursement for the overpayments. He alleged federal jurisdiction under 28 U.S.C.A. § 1331 and the Administrative Procedure Act, 5 U.S.C.A. §§ 701–706.

The district court, relying on its earlier decision in *Szekely v. Weinberger,* S.D.Fla. 1974, No. 73–720,[1] enjoined the government from seeking recoupment and granted Dr. Gallo the relief sought.

Initially, the government argues that *Weinberger v. Salfi,* 1975, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522, precludes us from hearing this case under 28 U.S.C.A. § 1331. *Salfi* was a class action challenging the duration-of-relationship requirements for persons seeking social security insurance benefits as a widow or child of a deceased wage earner. Jurisdiction was premised on § 1331. Under the second sentence of 42 U.S.C.A. § 405(h), no finding of fact or decision of the Secretary may be reviewed except as provided in the Social Security Act. Under its third sentence, no action against the Secretary may be brought under § 1331 against the Secretary to recover on any claim arising under Title II of the Social Security Act. Under 42 U.S.C.A. § 405(g), an individual may obtain judicial review of a final decision of the Secretary made after a hearing as long as it is commenced within 60 days after mailing of the notice of the decision. The Supreme Court rejected the argument that the third sentence of § 405(h), precluding jurisdiction under § 1331, merely codified the requirement of exhaustion of administrative remedies. In the view of the Court, the sentence was "sweeping and direct". It meant that

> *no* action shall be brought under § 1331, not merely that only those actions shall be brought in which administrative remedies have been exhausted.

422 U.S. at 757, 95 S.Ct. at 2463 [emphasis of Court]. Thus, the Court concluded there was no jurisdiction under § 1331. Jurisdiction existed only under the review provision of § 405(g), and only the named members of the class met the requirements of that section.

The Medicare Act specifically incorporates § 405(h)[2] into its scheme, 42 U.S.C.A. § 1395ii, but it incorporates § 405(g) for only limited determinations, none of which are here applicable. 42 U.S.C.A. § 1395ff. Moreover, there is no other section which gives a physician a right to judicial review under these circumstances. Hence, the government argues that *Salfi's* interpretation of § 405(h) eliminates § 1331 as a jurisdictional basis, and, since the Medicare Act does not otherwise provide for judicial review, Dr. Gallo is foreclosed from suit.

■ Gallo asserts that *Salfi* does not apply where, as here, there is no provision for a hearing, such as found in § 405(g), that is subject to administrative and judicial review. But we cannot agree with this interpretation of *Salfi.* The determination in that case did not rest on the availability of judicial review through § 405(g), but rather

---

1. This decision was reversed subsequent to the district court's decision below. *Szekely v. Florida Medical Association,* 5 Cir. 1975, 517 F.2d 345, *cert. denied,* 1976, —— U.S. ——, 96 S.Ct. 1742, 48 L.Ed.2d 205, 44 L.W. 3624.

2. Section 405(h) provides in full:
   The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter.
   Prior to the 1948 recodification of Title 28, Section 41 contained all of that title's grants of jurisdiction to the district courts, with certain exceptions. Thus, Section 41 encompassed the present Section 1331. *See Weinberger v. Salfi, supra,* 422 U.S. at 756, fn. 3, 95 S.Ct. 2457.

was based on the clear language of § 405(h). That same language applies to the present case, and we find it controlling so as to preclude jurisdiction under § 1331.[3]

As noted in *Salfi,* any interpretation of § 405(h) which precludes all constitutional challenges to statutory limitations would raise a serious constitutional question of the validity of the statute as so construed, 422 U.S. at 762, 95 S.Ct. 2457. Gallo points out that this consideration should lead us to the conclusion that *Salfi* does not apply. But this is an issue we need not reach, for we agree with Gallo that limited jurisdiction exists under the provisions of the Administrative Procedure Act.

Section 10(a) of the Administrative Procedure Act, 5 U.S.C.A. § 702 provides that

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

Further Section 10(c), 5 U.S.C.A. § 704, provides that

Agency action made reviewable by statute and final agency action for which there is no adequate remedy in a court are subject to judicial review.

We find that these provisions confer jurisdiction, albeit limited, on the court below. Although the question is a difficult one, we find our answer in *Ortego v. Weinberger,* 5 Cir. 1975, 516 F.2d 1005, recently decided by this Court.

In *Ortego,* the Court considered whether jurisdiction existed under the APA to review the Secretary's refusal to reopen an application for Social Security benefits. As noted by the Court, there exists a presumption of reviewability. A statute must demonstrate clear and convincing evidence of an intent to preclude judicial review before courts will cut off an aggrieved party's right to be heard. *Abbott Laboratories v. Gardner,* 1967, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681. In *Ortego,* § 405(h) did not preclude such review because by its terms it only applies to determinations made after a hearing, and no hearing was involved in the Secretary's decision not to reopen. Although § 405(h) is here applicable because there is an opportunity for a hearing,[4] it only precludes review of "findings of fact or decisions of the Secretary". It does not in clear and convincing terms preclude review of legal issues involved in the determination of this case.

Thus, this case stands on a footing no different than that found in *Ortego.* It is not necessary for us to review the authorities which support our determination that the APA is an independent source of jurisdiction. We merely make reference to Judge Gewin's fine analysis in that case. Here, like in *Ortego,* there is a clear "right" to judicial review under the APA without a correspondingly clear entrance to the federal courthouse. Here also we utilize the APA as a jurisdictional wedge when arguably arbitrary administrative action would otherwise go unremedied.

We do not conclude, however, that the APA's grant of jurisdiction reaches all issues raised in this case. Under 5 U.S.C.A. § 701(a), the review provisions of the APA apply except to the extent that the statute involved precludes review, or agency action is committed to agency discretion by law. As noted above, the second sentence of § 405(h) provides that findings of fact or decisions of the Secretary are not subject to judicial review. Just as *Salfi* found the third sentence of § 405(h) to be sweeping

---

3. In two pre-*Salfi* decisions, the Second Circuit held that § 405(h) does not preclude judicial review under the Administrative Procedure Act, and, without a *ratio decidendi,* jurisdiction under § 1331, in those instances where the Medicare Act fails to establish procedures for review of the Secretary's decision. *Kingsbrook Jewish Medical Center v. Richardson,* 2 Cir. 1973, 486 F.2d 663; *Aquavella v. Richardson,* 2 Cir. 1971, 437 F.2d 397. We disagree with these decisions to the extent that they ignore the plain language of the third sentence of § 405(h), especially in light of *Salfi.*

4. An opportunity for a hearing is required by 42 U.S.C.A. § 1395u(b)(3)(C) and provided for in 20 C.F.R. § 405.820 *et seq.*

and direct, we find the second sentence to be equally sweeping and direct. To the extent that the claims in this case involve "findings of fact or decisions" of the Secretary, they are not subject to review even under the APA.[5]

Although the APA creates a basis for jurisdiction, the case must nevertheless be dismissed. Section 10(c) of the APA, 5 U.S.C.A. § 704, requires "final agency action" for which there is no other adequate remedy in a court as a precondition of judicial review. When Blue Cross notified Gallo of the alleged overpayments and the suspension of present and future payments due him, it also explained that, pursuant to statutory requirements,[6] it had established a procedure for a *de novo* hearing before a hearing examiner, which procedure was available to Gallo should he wish to contest the determination that he had received an overpayment. This determination by the hearing examiner would be final and binding upon all the parties to the hearing. 20 C.F.R. § 405.835. The decision of the hearing examiner would constitute "final agency action" within the meaning of 5 U.S.C.A. § 704, for which no other review would then be available. But Gallo does not challenge the determination of the hearing examiner, for he never availed himself of that procedure. Rather, he here attacks the initial determination of Blue Cross, a determination which does not meet the finality requirement of the APA.[7]

We thus conclude that there is limited jurisdiction under the APA, but that there is no final agency action to review in the present case. For this reason, the district court was without jurisdiction to proceed.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS THE COMPLAINT.

5. In light of our disposition of this case, we intimate no view as to what issues here raised involve "findings of fact or decisions" of the Secretary not subject to review.

6. See footnote 4, *supra.*

7. Part B of the Medicare Act contemplates that the administration of the Act is to be carried

out through fiscal intermediaries such as Blue Cross. See 42 U.S.C.A. § 1395u. In our view, under this scheme, the actions of the fiscal intermediary must be deemed the actions of the Secretary for the purpose of determining whether there is reviewable final agency action.