This is another action by an incorporated physician to recover disallowed payments allegedly due him as assignee of patients covered by Part B of Medicare, 42 U.S.C. § 1395j-pp. Defendant makes the now usual motion to dismiss, citing Fox v. United States, ante at 770, and Sanet v. United States, ante at 775. Under authority of United States v. Erika, Inc., 456 U.S. 201 (1982), the motion would be for routine allowance except for one novel complication.
*896 The petition makes the usual allegations respecting want of constitutional due process on the part of the private insurance company employed by defendant as "intermediary” to provide the highest level of review permitted. It does not specifically allege a taking without just compensation under the fifth amendment. The novel complication is that plaintiff asks that the case be retransferred to the United States District Court, District of Arizona, from which it came. From Drennan v. Harris, 606 F.2d 846 (9th Cir. 1979), it appears that the circuit in which Arizona is located makes no distinction between Medicare A and B claims; since we had taken jurisdiction of A claims it expected us to do so of B claims also. By its view Congress had denied all judicial review of B claims in the district court. It thought "a statute precluding all review of constitutional claims would raise a serious question of the validity of the statute.” But in light of our assumed readiness to decide, such a statute did not confront the court.
In Schweiker v. McClure, 456 U.S. 188 (1982), decided the same day as Erika, the Supreme Court either completely demolishes or sharply diminishes this reservation in Drennan v. Harris of a possible review of constitutional claims relating to hearing officers employed by private carriers when Congress has attempted to preclude such review. At a minimum, Schweiker v. McClure places on one who would challenge such a person’s determination, an obligation to be specific and show something pretty egregious. In its opposition to defendant’s motion, plaintiff says only that the private hearing officer denied the right to confront and cross-examine witnesses, and one of those he relied on has subsequently recanted and said he was coerced. Whatever the Supreme Court would think of this, it does not establish the private hearing officer to have acted in utter mockery of justice.
We think, in the absence of word from Congress as to what it wants, it would not further justice for us to retransfer this case to a circuit that once held itself without jurisdiction, in face, apparently, of the very allegations now made.
*897 Accordingly, defendant’s motion to dismiss is granted and the petition is dismissed.
Plaintiffs motion for rehearing was denied September 17, 1982.