**Dr. McKee HARGRETT**

v.

**The UNITED STATES.**

No. 297–83C.

United States Claims Court.

Nov. 15, 1983.

Richard D. Phillips, Ludowici, Ga., for plaintiff.

David M. Schlitz, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MEROW, Judge:

Pursuant to 28 U.S.C. § 1406(c), this case was transferred to the Claims Court by the United States District Court for the Southern District of Georgia. The matter now comes before the court on defendant's motion to dismiss the complaint and plaintiff's opposition thereto.

Plaintiff, a provider of medical services to persons insured under Part B of the Medicare Act, 42 U.S.C. §§ 1395j–1395w, has brought suit challenging the determination by defendant's intermediary carrier, Prudential Insurance Co., 42 U.S.C. § 1395u,[1] to withhold Part B payments from plaintiff on the basis that plaintiff had been improperly reimbursed for medically unnecessary services.[2] Defendant has moved to dismiss the complaint on the authority of *United States v. Erika, Inc.,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), maintaining that this court lacks subject-matter jurisdiction to decide the case. Defendant also relies on a line of cases, *Sanet v. United States,* Ct.Cl. No. 498–80C (order entered July 2, 1982); *Regents of the University of Colorado v. United States,* Ct.Cl. No. 518–80C (order entered Aug. 27, 1982); *Fox v. United States,* Ct.Cl. No. 315–81C (order entered June 25, 1982), in which this court's predecessor, the United States Court of Claims, declined to exercise jurisdiction over similar claims.

Plaintiff seeks sums alleged to be due under the Medicare statute, asserting that he has been denied the procedural due process mandated by the Constitution in the administrative determination process. *See Alabama Hospital Association v. United States,* 228 Ct.Cl. 176, 181, 656 F.2d 606, 610 (1981), *cert. denied,* 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982).

Plaintiff maintains that he has been denied procedural due process by defendant's intermediary carrier, Prudential Insurance, because the carrier-appointed hearing officer did not consider relevant evidence in determining the proper amount of payments to be withheld from plaintiff. Plaintiff also challenges the constitutionality of the sampling technique employed by defendant to determine if plaintiff had rendered medically unnecessary services. Finally, plaintiff asserts that he has been denied due process because defendant practiced discrimination by reimbursing plaintiff at rates which differ from those provided other physicians similarly situated who perform similar services.

## DISCUSSION

In *United States v. Erika, Inc.,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), the Supreme Court ruled that the Court of Claims lacked jurisdiction, under 28 U.S.C. § 1491, to review administrative determinations of benefits payable under Part B of the Medicare Act. The *Erika* decision expressly declined to address the issue of whether the Court of Claims would have jurisdiction if claims for statutory compensation under 28 U.S.C. § 1491 were premised upon substantial constitutional issues raised in connection with Part B reimbursement determinations. *Id.* at 211, n. 14, 102 S.Ct. at 1655, n. 14.

---

1. Although plaintiff repeatedly refers to Prudential Insurance and the Secretary of Health and Human Services as defendants throughout his complaint, the heading of the complaint correctly names the United States as the defendant in this action. *See* 28 U.S.C. § 1491.

2. It is a prerequisite to reimbursement under Part B Medicare that services rendered be medically required. 42 U.S.C. § 1395n(a)(2)(B).

Plaintiff's claims fall within the ambit of prior rulings that such assertions do not present substantial constitutional issues. As such, it is not necessary in this matter to consider the question of Claims Court jurisdiction over a statutory claim for compensation based upon a substantial constitutional issue raised in connection with a Part B benefit determination.[3] Plaintiff's claim that he has been denied fifth amendment due process because defendant's intermediary carrier, Prudential Insurance, has reimbursed him at rates different from other physicians similarly situated does not state a substantial constitutional issue. *Regents of the University of Colorado v. United States,* Ct.Cl. No. 518–80C (order entered Aug. 27, 1982). In *Regents* the court rejected an identical claim, concluding that such a claim merely challenged the amount of an award of Part B benefits and, therefore, judicial review was precluded by the Supreme Court's decision in *Erika.*

Similarly, plaintiff's objection to the use of the sampling technique in determining whether plaintiff had rendered medically unnecessary services does not reach the level of a substantial constitutional issue. *Sanet v. United States,* Ct.Cl. No. 498–80C (order entered July 2, 1982). In *Sanet* the Court of Claims considered an identical assertion and summarily dismissed it as insubstantial.

Finally, plaintiff's challenge on procedural due process grounds to the hearing[4] he was provided by defendant's intermediary carrier does not set forth a substantial constitutional issue. Plaintiff has alleged that the hearing officer merely "rubber-stamped" Prudential's determination to withhold future Part B payments, receiving no evidence from defendant or Prudential, and further, disregarding all evidence submitted by plaintiff. In *Schweiker v. McClure,* 456 U.S. 188, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982), the plaintiff maintained that he was denied procedural due process because the carrier-appointed hearing officer lacked impartiality. *McClure* makes clear that any allegation of denial of procedural due process must be more specific than the conclusory allegations plaintiff has presented and further that such an allegation must "show something pretty egregious," *Berton Siegel, D.O., Ltd. v. United States,* Ct.Cl. No. 119–81C (order entered Aug. 20, 1982), to constitute a substantial procedural due process violation. *See also Bowling v. United States,* Appeal No. 83–655 (Fed.Cir. Aug. 10, 1983).

Plaintiff's allegation concerning the hearing does not approach what would be required to demonstrate that the actions involved were "in utter mockery of justice." *Berton Siegel, D.O., Ltd. v. United States,* Ct.Cl. No. 119–81C (order entered Aug. 20,

3. Although other federal courts have construed their jurisdiction as excluding claims involving constitutional issues on Part B determinations, *Bussey v. Harris,* 611 F.2d 1001, 1004–05 (5th Cir.1980), the Court of Claims asserted that it had such jurisdiction. *Erika, Inc. v. United States,* 225 Ct.Cl. 252, 259–262, 634 F.2d 580, 586–88 (1980), *rev'd on other grounds,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982). This assertion encouraged the transfer of such cases to the Court of Claims. *Bussey v. Harris,* 611 F.2d 1001 (5th Cir.1980); *Drennan v. Harris,* 606 F.2d 846 (9th Cir.1980); *see United States v. Sanet,* 666 F.2d 1370 (11th Cir.1981) (court agreed that transfer would be appropriate; issue mooted as plaintiff voluntarily filed action in Court of Claims). Decisions issued subsequent to the Supreme Court's ruling in *Erika* by the Court of Claims indicate that jurisdiction would exist under 28 U.S.C. § 1491 if a substantial constitutional issue were presented as the basis for a statutory Part B Medicare mone-

tary reimbursement claim. *Fox v. United States,* Ct.Cl. No. 315–81C (order entered June 25, 1982); *Berton Siegel, D.O., Ltd. v. United States,* Ct.Cl. No. 119–81C (order entered Aug. 20, 1982); *Sanet v. United States,* Ct.Cl. No. 498–80C (order entered July 2, 1982); *see also Bowling v. United States,* Appeal No. 83–655 (Fed.Cir. Aug. 10, 1983) (military pay). The United States Claims Court accepts Court of Claims decisions as binding precedent. General Order No. 1, 1 Cl.Ct. 1 (1981).

4. From plaintiff's complaint (¶¶ 12–13) and defendant's motion (pp. 6–7), it is not clear if the "hearing" provided to plaintiff was an administrative hearing pursuant to 42 U.S.C. § 1395u(b)(3)(C) (1976 & Supp. V) and its accompanying regulations, 42 C.F.R. §§ 405.820–835 (1982), or if the hearing was an informal one conducted by agreement between the parties.

1982). Thus, a substantial constitutional issue has not been pleaded in this respect.

## CONCLUSION

For the above stated reasons, it is concluded that plaintiff has not set forth claims arguably within the jurisdiction of this court with the result that his complaint shall be dismissed.